# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41401

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2016

Lyle W. Cayce
Clerk

WILLIAM M. WILSON,

Plaintiff - Appellant

v.

FRANCES E. MCGINNIS; DR. THERESA A. WHITT, Medical Director,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-204

Before REAVLEY, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

William M. Wilson, Texas state prisoner # 1654989, appeals the district court's grant of summary judgment in favor of Frances E. McGinnis and Dr. Theresa A. Whitt. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41401

This appeal stems from claims filed in district court by Wilson pursuant to 42 U.S.C. § 1983 against McGinnis and Whitt in their individual capacities, alleging that they acted with deliberate indifference in treating Wilson's sleepwalking episodes, resulting in injuries sustained upon falling from his top bunk. During the relevant period, McGinnis was a clinical nurse specialist in psychiatric and mental health employed by the University of Texas Medical Branch, an agency of the State of Texas. Whitt was a medical doctor also employed by the University of Texas. In response to Wilson's claims, McGinnis and Whitt invoked the defense of qualified immunity and moved for summary judgment. The district court granted summary judgment in favor of McGinnis and Whitt, and Wilson timely appealed.

We review de novo a district court's grant of summary judgment, applying the same standards as the district court. *Brauner v. Coody*, 793 F.3d 493, 497 (5th Cir. 2015). Wilson bears the burden of overcoming the qualified immunity defense asserted by McGinnis and Whitt, both of whom were government officials during the relevant period. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). In order for Wilson to meet this burden, he must first show that McGinnis and Whitt violated his clearly established constitutional rights by acting with deliberate indifference to his medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). Deliberate indifference is an extremely high standard to meet; unsuccessful medical treatment, acts of negligence, medical malpractice, or a prisoner's disagreement with his medical treatment will generally not suffice. *Id*. at 346. "Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment." *Id*. (citation omitted).

It is evident that the care rendered by both Whitt and McGinnis did not meet the high threshold required to qualify as deliberate indifference: Wilson has accordingly failed to overcome their qualified immunity. Whitt's actions

indicate an effort to address Wilson's concerns.  Upon first seeing Wilson after he complained of nightmares that were causing him to fall from his bunk, Whitt reviewed his medical file, found no record of a seizure disorder or a medical indication that necessitated a lower bunk restriction, and exercised her medical judgment to conclude that Wilson's complaints were not medical in origin and that, therefore, such a restriction would need to come from Mental Health Services.  After Wilson suffered injuries upon falling from his bunk, Whitt saw him two additional times and ordered a temporary bottom bunk restriction, then a permanent restriction, a sleep study, lab work, an x-ray, an EKG, and prescribed different types of medication.  These decisions are matters of medical judgment, and Wilson's mere disagreement with the course of treatment is not enough to qualify as deliberate indifference.  *See id.*

McGinnis also took various actions to address Wilson's complaints.  She offered him supportive counseling, ordered lab work, provided two temporary lower bunk restrictions, increased and adjusted his medication, and made referrals to other departments to see if further adjustments to his medication were warranted.  Wilson's argument that McGinnis was deliberately indifferent because she did not order a permanent bottom bunk restriction is unavailing, because it represents a mere disagreement with McGinnis's methods to treat his medical problem.  *See id.*

Even after making every inference in favor of Wilson, Whitt and McGinnis's actions do not meet the high threshold required to qualify as deliberate indifference.  *See id.*  The district court did not err in granting Whitt and McGinnis's summary judgment motion.  We AFFIRM.